IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY XIMENEZ,                                              No. 2:12-CV-3029-CMK-P

        Petitioner,

    vs.                                                              ORDER

DEPARTMENT OF CORRECTIONS,

        Respondent.

_____/

        Petitioner, a state prisoner proceeding pro se, brings this apparent petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

        Petitioner has not filed a complete application to proceed in forma pauperis, along with a "certification from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution" as required by Rule 3(a)(2) of the Federal Rules Governing Section 2254 Cases, or paid the required filing fee. See 28 U.S.C. §§ 1914(a), 1915(a). Petitioner will be provided the opportunity to submit either a completed application to proceed in forma pauperis, with the required certification, or pay the appropriate filing fee. As to the certification requirement, while a copy of petitioner's prison trust account statement certified by prison officials is not required to

satisfy the requirement, such a statement will suffice. Petitioner is warned that failure to comply with this order may result in the dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110.

Rule 2(c) of the Federal Rules Governing Section 2254 Cases requires that every habeas corpus petition must: (1) specify all the grounds for relief; (2) state the facts supporting each ground for relief; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury. In the instant case, petitioner has not met these requirements. In fact, petitioner has not filed any kind of petition at all. Rather, he seeks an order to "stay" proceedings until counsel can be appointed to assist him. It is impossible, however, to evaluate any request for appointment of counsel absent some indication of the nature of petitioner's claims. For example, the court cannot even determined correct venue because petitioner does not state where he was convicted, or even that he is challenging his conviction. Without at least some information concerning his claims, the court simply cannot evaluate petitioner's case.

Petitioner will be provided an opportunity to file a petition which satisfies Rule 2(c). Petitioner is warned that failure to comply with this order may result in the dismissal of this action. See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall file a petition on the form employed by this court, and which satisfies the requirements of Rule 2(c) of the Federal Rules Governing Section 2254 Cases, within 30 days of the date of this order;

2. Petitioner shall submit on the form provided by the Clerk of the Court, within 30 days from the date of this order, a complete application for leave to proceed in forma pauperis, with the certification required by Rule 3(a)(2), or pay the appropriate filing fee; and

3. The Clerk of the Court is directed to send petitioner a new form Application to Proceed In Forma Pauperis By a Prisoner; and

4. The Clerk of the Court is directed to send petitioner the court's form habeas corpus application.

DATED: January 3, 2013

                                                                                                                                                               */s/ Craig M. Kellison*

                                                        **CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE